IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3129-FL

| | | |
|---|---|---|
| LACY LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MUNICIPALITY OF RALEIGH, | ) | |
| NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Lacy Lee Williams, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. This matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts may review complaints in which prisoners seek relief from a governmental entity or officer, and shall dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

The Prisoner Litigation Reform Act ("PLRA") forecloses a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. See Altizer v. Deeds, 191 F.3d 540, 544-45 (4th Cir. 1999).

At least three previous cases filed by plaintiff have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. These cases include: Williams v. Polk, 5:04-CT-144-FL (E.D.N.C., dismissed 4/19/04); Williams v. Wake County Jail, 5:07-CT-3169-H (E.D.N.C., dismissed 2/29/08); Williams v. Wake County Jail, 5:07-CT-3167-D (E.D.N.C., dismissed 3/03/08).

Under § 1915(g), an inmate may proceed with an action despite having filed three or more frivolous complaints if he shows that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). In order to invoke the imminent danger exception to the § 1915 "three strikes" provision, a prisoner must seek relief from a danger which is imminent at the time the complaint is filed. See, e.g., Abdul-Akbar v. McKelvie, 239 F.3d 307, 313-15 (3d Cir. 2001) (en banc); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Gholson v. Virginia, No. 7:06-CV-00276, 2006 WL 1288313, at *2 (W.D. Va. May 5, 2006) (unpublished). The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Johnson v. Warner, 200 Fed. Appx. 270, *2 (4th Cir. Sept. 22, 2006) (unpublished) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Vague, speculative, or conclusory allegations are insufficient to invoke the imminent danger exception of § 1915(g). Instead, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Plaintiff generally alleges that he has been placed "in imminent danger by unconstitutionally being placed in prison which has greatly affected his health as a Type (1) Brittle diabetic and bipolar, schizophrenic and other anti-psychotic syndromes, which plaintiff is not being adequately treated for." (Compl. 1.) The court finds that plaintiff's allegations of imminent danger are vague

2

and unrelated to the allegations in his complaint. As stated, vague and general allegations are not sufficient to satisfy § 1915(g)'s imminent danger exception. See White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Accordingly, plaintiff may not proceed as a pauper in this action. See Harley v. United States, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004). Thus, plaintiff' action is barred pursuant to 28 U.S.C. § 1915(g) and is hereby DISMISSED without prejudice.

SO ORDERED, this the 11th day of September, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge