United States District Court
Eastern District of North Carolina
No. 5:09-Ct-3129-FL

FILED

SEP 2 3 2009

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| Lacy Lee Williams<br><br>Plaintiff,<br><br>V<br><br>MUNICIPALITY OF RALEIGH,<br>NORTH CAROLINA, et Al,<br><br>Defendants | Plaintiff Request a fair<br>Re-evaluation of Court order<br>to Dismiss plaintiff Complaint<br>Without legitimate Cause.<br>Motion For Leave to file An<br>AMENDED Complaint to<br>Include more Facts, |

Now Comes the plaintiff, Lacy Lee Williams Jr. Who filed a 42 U.S.C § 1983 civil Complaint Against the Above defendants for their acts of racial Discrimination, misconduct, bias, and prejudice behavior, toward the plaintiff and other African-Americans, in the State of North Carolina.

Plaintiff seeks a fair Re-evaluation of Judge Louise W. Flanagan's Court order to Dismiss the plaintiff Complaint Without a legitimate Cause or sufficient Reason. Plaintiff Will show the Court Why the decision of Judgement to Dismiss Was an Abuse of the Judge's discretion While Inappropriately Applying the frivolity review standpoint pursuant to 28 U.S.C § 1915(9), And it is As followed:

1) Judge Louise W. Flanagan First began by Stating This matter Comes

before the Court for frivolity review pursuant to 28 U.S.C § 1915. Section 1915 provides that Courts may review Complaints in which prisoners seek relief from A governmental entity or officer, and shall dismiss such Complaints when they are frivolous. 28 USC 1915(e)(2)(B)(i). In Response: Plaintiff Carefully Read, Several times, the Judges ordering Judgement to Dismiss. The Judges order did not state or show how the plaintiff Complaint was frivolous, groundless, an obvious losing Arguement, or an Unbelievable claim. Therefore, excluding the Frivolity principle, showed the plaintiff that his Civil Complaint wasn't frivolous, And wasn't dismissed because it was meritless, therefore, the Frivolity review was pointless Use As ~~~~ AN initial means of dismissal.

2) Judge FLANAGAN, You then stated: "The Prisoner, Litigation, Reform, Act, Forecloses A prisoner's action if the prisoner has, on (3) or more prior occasions, While incarcerated or detained in any facility, brought an action or Appeal in a Court of the United states that was dismissed on the Grounds that it is frivolous, malicious, or fails to state A claim upon which relief may be granted, Unless the prisoner is Under imminent danger of serious physical injury." In Response: Plaintiff two Cases of: "Williams V. Wake Co. Jail, 5:07-ct-3169-H (E.D.N.C., 2/29/08); and Williams v. Wake Co. Jail, 5:07-ct-3167-D (E.D.N.C., 3/03/08) These Two Cases are in the United States supreme Court And have Not been Ruled on to be dismissed. Under information and belief, The Jail house lawyer's manual, published by the Center for Constitutional Rights And the National Lawyers Guild 4th Edition, Revised in 2003-04-05 Written By: IAN Head and Rachel, Meeropol, on Page 46 of the Jail house Lawyers manual States that: "Dismissals Will Not Count against you

Until You have exhausted or Waived All appeals." As mentioned previously, plaintiff Cases (of the two (2) "Wake County Jail) are Still pending in the United States Supreme Court; Therefore the (3) strike Rule does Not yet apply to any of my Cases Until a final decision is made by the Supreme Court Judges.

3) Judge FLANAGAN Stated: Under § 1915(g). An inmates may proceed With An action dep. despite having filed three or more frivolous complaints if he Shows that he is Under imminent danger of Serious physical injury. You further Stated: "In order to invoke the imminent danger exception to the § 1915 three strikes provision, A prisoner must seek re-leef from "A danger which is imminent At the time the Complaint is filed". See, e.g., Abdul-Akbar v. Mckelvie, 239 F.3d 307, 313-15 (3d cir 2001) In Response: To define the Word "imminent", It means: "To take place or happen, or; likely to occur At any moment". In plaintiff Complaint-II Plaintiff, He Stated: Lacy Lee Williams Jr. is A African-American male Who Was A "Free citizen Until, racially discriminated & Segregated, Now Herein, A pretrial Detainee of the Wake County Jail With pending charges" But "previously Sentenced As A prisoner to the Dept of Corr, Unconstitutionally by the city of Raleigh, Wake county Courthouse in the State of North Carolina. Plaintiff Was "Not A Prisoner" At the time His Constitutional Rights Was Violated by the Wake County Courthouse Therefore, the PLRA Does Not apply. See: Kolocotronis v. Morgan. 247 F.3d 726, 728 (8th cir. 2001)(mental patient inmate in State hospital Not prisoner for purposes of PLRA 3-strike provisions) Furthermore The law States or Rather Citation States in "Abdul-Akbar v. Mckelvie" 239 F.3d 307,313,311, (3d cir 2001)

(Imminent danger assessed at time of filing complaint," Not at time inci-
dent in question occurred) Judge Flanagan, In your order of Judge-
ment, You mistic cited "Abdul-Akbar V. Mchelvie", But see also Malik V. McGinn-
is, 293 F.3d 559, 562 (2d Cir 2002)(imminent danger must exist at the time
the Complaint is filed). In Plaintiff filed Complaint imminent danger exist
At the time the Complaint was filed which stated "Plaintiff have been placed
In Imminent Danger by UNConstitutionally being placed in prison which has
greatly effected his health as a type (1) Brittle diabetic and bipolar, schezo-
phrenic and other Anti-psychotic syndromes, which plaintiff is Not being
Adequately treated for."

4) Judge Flanagan, You then stated "The court finds that plaintiff's All-
egations of imminent danger are vague and unrelated to the allegations
In his complaint. In Response: As plaintiff previously stated in the
beginning, the court have Not showed the plaintiff how his complaint was
Frivolous or had No basic arguable facts. However, if it wasn't for the
plaintiff being Falsely Accused in a criminal matter, plaintiff wouldn't be
Falsely imprisonment, And placed in a imminent danger situation by the
Wake County Courthouse incarcerating him in the North Carolina
Department of Corrections. Where As Though, He is Not receiving the Adeq-
uate medical Care, Therefore the facts are clear in plaintiff complaint
In which medical records will show that plaintiff is being treated for
the Above medical health chronic diseases And Mental illnesses. Also,
by plaintiff Not Receiving adequate medical treatment, have filed other se-
veral Actions on the issue in which, Judge Flanagan Are Aware of." But
see Gibbs V. Cross, 160 F.3d 962, 967 (3d Cir 1998)(Imminent danger exception

" does not require that prisoner have existing physical injury)

Furthermore:

Plaintiff <s>is;</s> pursuant to Rules 15(a) and 19(a). Fed R. Civ. P. requesting leave to file an Amended Complaint to include more facts only.

This Court should grant leave freely to amend a Complaint. Foman V. Davis, 371 U.S. 178, 182(1962).

I certify Under penalty of perjury that the foregoing is true and Correct

executed on this date of September 19th 2009

Lacy Lee Williams Jr.