United States District Court
Eastern District of North Carolina
No: 5:09-ct-3129-FL

FILED
OCT 22 2009
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| Lacy Lee Williams Jr.<br>Plaintiff,<br><br>V.<br><br>Municipality of Raleigh<br>North Carolina et Al,<br>Defendant(s) | Plaintiff Objects and Seeks To Proceed in this Civil matter Under Fed.R.Civ.P. 8(A)(2) Notice pleading |

Now comes the plaintiff, Lacy Lee Williams Jr. Who filed A 42 U.S.C. §1983 Civil Complaint against the Above defendants for their Acts of Racial Discrimination, misconduct, bias and prejudice behavior towards the plaintiff and other African-Americans, Here in the State of North Carolina.

Plaintiff Seeks To Proceed in this Civil matter Under Fed.R. of Civ.P. 8(A)(2) And Objects to the Judgement to dismiss plaintiff Complaint Under 1915(g). Plaintiff factual Reason Under Constitutional provision to Object the Courts decision to dismiss his Complaint Are as followed:

1) In Chief Judge Louise W. Flanagan's Judgement and Reason to dismiss plaintiff Complaint, Judge Flanagan used the Case: Abdul-Akbar

v. Mckelvie, 239 F.3d 307, 313-15 (3d Cir. 2001) Which states: "In order to Invoke the imminent danger exception to the §1915 "three strikes" provision, A prisoner must seek relief from a danger which is imminent at the time the Complaint is filed". Plaintiff Asserts that: "A prisoner must seek relief from a Danger, was a misquote" in Abdul-Akbar V. Mckelvie. The original quote states: "Imminent danger assessed at time of filing Complaint, not at time incident occurred". Plaintiff Asserted in his Complaint on Page (1) II. that: "He has been placed in imminent danger by Unconstitutionally being placed in prison which has greatly affected his health as a Type (1) Brittle diabetic and bipolar, schizophrenic and other anti-psychotic syndromes." Also, plaintiff will Assert Another United States Supreme Court Ruling in Support of his motion: Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (imminent danger exception requires specific allegations of either ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injuries. Plaintiff asserts in support of: Martin v. Shelton see: Lacy Lee Williams v. Gessner et al, 5:08-CT-3152-D., Lacy Lee Williams v. Central Prison et al, No. 5:08-CT-3012-FL. Furthermore in Support, see U.S. Supreme Court Ruling: Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir 1998) (Imminent danger exception does not require that prisoner have existing physical injury), Ashley v. Dilworth, 147 F.3d 715, 717 (8th C Hunt v. Uphoff, 199 F.3d 1220, 1222 (10th Cir 1999) (imminent danger exception satisfied by alleged failure to provide adequate medical care for serious Conditions) Again, Plaintiff Asserted in his Complaint page (1) No II. that: Plaintiff have been placed in imminent Danger by Unconstitutionally being placed in prison which has greatly affected his health". The Federal Rules of Civil Procedures, 8(A)(2) requires only a short and plain

statement showing that the pleader is entitled to Relief.
Judge Flanagan stated in his Judgment order to Dismiss that: "The Court finds that plaintiff's allegations of imminent danger are vague (Not clear) In Fed. Rule 8(A)(2) of a Notice pleading, plaintiff need only state the basic facts of his claim. The Supreme Court has held that Notice pleading is sufficient for §1983 claims against municipalities. See; Leatherman V. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), The Supreme Court reversed the ruling of the fifth Circuit, which had upheld the dismissal of a Complaint for failure to plead specific facts regard- ~~a heightened pleading standard~~ ing a county's inadequate training. The court held that such a heightened pleading standard was inconsistent with the Federal Rules of Civil Procedures, and that "Federal Courts and litigants must Rely on Summary Judgement and Control of Discovery to Weed out unmeritorious claims sooner rather than later." 507 U.S. at 168-69 See Also Jordan V. Jackson, 15 F.3d 333, 337-40 (4th Cir. 1994) rejecting requirement that Plaintiff must plead multiple instances of similar Constitutional Violations to support allegations of municipal policy or practice." Furthermore, See; Atchinson V. District of Columbia, 73, F.3d 418, 422 (DC. Cir 1996) (stating that with regard to factual allegations supporting claim of deliberate indifference, plaintiff "Need Not Allege All that a plaintiff must eventually prove."
In Conclusion, Plaintiff has met the imminent danger provision And Standard Without Any interpretations of the aforementioned case logs. It has been clearly shown that the Court erred in dismissing plaintiff Complaint Without Applying the Appropriate Supreme Court Rulings or law but instead dismissed plaintiff Complaint on

Interpretations, prejudice and Descrimination; See; Alston v. Parker 363 F.3d 229, 233 (3d Cir. 2004)(Court erred in Construing pro se inmate's § 1983 Complaint under fact-pleading Standard rather than more liberal Notice pleading standard);

Wherefore, By law of Rights in determining if the Judge was in his Right state of mind at the time he dismissed plaintiff's meritorious Civil Action, plaintiff Respectfully Request that the chief Judge Louise W. Flanagan, Reopen this Case Granting plaintiff Justice and Relief.

I Certify Under penalty of perjury that the foregoing is True and Correct.

Executed on this date of October 19th 2009

Lacy Lee Williams Jr.

Certificate of Service:

I hereby Certify that I have sent the original Copy to the following:

Chief Judge Louise W. Flanagan
U.S. Dist. ct East. Dist of N.C.
Po Box 25670
Raleigh N.C. 27611

United States Attorney General Office
Att: Eric Holder
Department of Justice
Washington D.C. 20530-0001
This includes plaintiff original
42 U.S.C 1983 Complaint and etc.

Lacy Lee Williams
Central Prison 1300 Western Blvd
Raleigh N.C. 27606.