IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3129-FL

| | | |
|---|---|---|
| LACY LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MUNICIPALITY OF RALEIGH, | ) | |
| NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Lacy Lee Williams, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. On September 11, 2009, the court conducted a frivolity review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and dismissed plaintiff's action without prejudice pursuant to § 1915(g)'s three strikes provision. The matter now is before the court on plaintiff's motion for reconsideration of this court's dismissal of his complaint (DE # 7) and motion to amend (DE # 7).

Plaintiff classifies his motion as a request for a "fair re-evaluation" of this court's order dismissing his complaint, which the court treats as a motion under Federal Rule of Civil Procedure 60(b). See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992) (holding that court should treat motion for reconsideration as one made under Rule 60(b) if not filed within ten days of entry of judgment).[1] Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding

---

[1] The current version of Rule 59(e) has extended this time period to twenty-eight (28) days, but on September 23, 2009, when plaintiff filed the instant motion, the deadline was still ten (10) days. In any event, plaintiff's motion would also fail under Rule 59(e) because he has not shown an intervening change in controlling law, new evidence, a clear error of law, or manifest injustice. See Zinkland v. Brown, 478 F.3d 634, 637 (4th Cir. 2007).

for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). Only if those three threshold conditions are met must the court determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Plaintiff here fails to meet the threshold requirement of demonstrating a meritorious claim or defense. In the order plaintiff asks be reconsidered, the court dismissed the complaint under the PLRA's three strikes provision, which forecloses a prisoner's action if he has, on three or more occasions, brought an action that was dismissed for being frivolous, malicious, or failing to state a claim. See 28 U.S.C. § 1915(g); Altizer v. Deeds, 191 F.3d 540, 544-45 (4th Cir. 1999). The court noted that plaintiff had brought at least three such cases.

Plaintiff contends that his claim should not have been dismissed, arguing that he falls under an exception to the three strikes provision because he was in imminent danger at the time he filed his complaint. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313-15 (3d Cir. 2001) (en banc) (collecting cases and holding that danger must be imminent at the time of filing, not a point in the past). Plaintiff states that he is in imminent danger because he has been "unconstitutionally . . . placed in a prison which has greatly effected [sic] his health as a type (1) Brittle diabetic and bipolar, shezo-phrenic [sic] and other anti-psychotic syndromes, which plaintiff is not being adequately treated for." (Mot. 4.) Plaintiff may not rely on vague, speculative, or

2

Case 5:09-ct-03129-FL   Document 10   Filed 05/20/10   Page 2 of 3

conclusory allegations such as these to invoke "imminent danger," but instead he must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished) (per curiam). The court therefore finds that the imminent danger exception does not apply.

Plaintiff also argues that this court erred in counting Williams v. Wake County Jail, 5:07-CT-3169-H (E.D.N.C. Feb. 29, 2008), aff'd, 274 F. App'x 279 (4th Cir. 2008) (unpublished) (per curiam), and Williams v. Wake County Jail, 5:07-CT-3167-D (E.D.N.C. Mar. 30, 2008), aff'd, 295 F. App'x 564 (4th Cir. 2008) (unpublished) (per curiam), as strikes pursuant to § 1915(g) because they were still pending for review before the United States Supreme Court at the time this court dismissed plaintiff's complaint. This statement is not supported by the record in those cases, which had been decided on direct review prior to plaintiff filing this action on July 30, 2009.

Accordingly, plaintiff has not demonstrated a meritorious claim or defense, and is unable to satisfy the threshold requirements to proceed with a Rule 60(b) motion.[2] Therefore, petitioner's Rule 60(b) motion (DE # 7) is DENIED. Moreover, because the court may not grant a post-judgment motion to amend unless judgment is vacated pursuant to Rule 59(e) or Rule 60(b), Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006), plaintiff's motion to amend (DE # 7) must similarly be DENIED.

SO ORDERED, this the _A_ day of May, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] Moreover, the court notes that none of the six grounds for relief enumerated in Rule 60(b) would be applicable even if plaintiff met the threshold requirement for consideration of those grounds.

3